# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LIHOSIT, | Civil No. 06cv1149 J (BLM) |
| Plaintiff, | **ORDER:** |
| v. | **(1) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL [DOC. NO. 21.];** |
| SAN DIEGO HOUSING COMMISSION; and ELIZABETH "BETSY" MORRIS, | |
| Defendants. | **(2) DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. NO. 13.]; and** |
| | **(3) DISMISSING ELIZABETH "BETSY" MORRIS AS AN INDIVIDUALLY NAMED DEFENDANT** |

Before the Court is a motion filed by Defendants San Diego Housing Commission and Elizabeth "Betsy" Morris ("Defendants") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [Doc. No. 13.] Also before the Court is a motion filed by Plaintiff James Lihosit ("Plaintiff") requesting appointment of counsel. [Doc. No. 21.] The Court has determined that the issues presented herein are appropriate for decision without oral argument. *See* Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court (1) **DENIES** Plaintiff's request for appointment of counsel; (2) **DENIES IN PART AND GRANTS IN PART**

Defendants' motion for judgment on the pleadings; and (3) **DISMISSES** Ms. Morris as an individually named defendant.

### *Background*

On May 30, 2006, Plaintiff James Lihosit, proceeding *pro se*, filed a Complaint against Defendants San Diego Housing Commission ("Housing Commission") and Elizabeth "Betsy" Morris alleging violations of the Fair Housing Act ("FHA"), Rehabilitation Act, Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, and the Constitution. (Compl. ¶¶ 20, 32, 34, 36, 38.) The Housing Commission administers the Section 8 Housing Choice Voucher Program. (*Id.* ¶ 3.) Ms. Morris, whom Plaintiff sues in her official capacity, is the president and chief executive officer of the Housing Commission. (*Id.*)

Plaintiff alleges that in 1998, he applied for Section 8 rental assistance and was granted a voucher for a one-bedroom unit. (*Id.* ¶ 7.) Plaintiff had requested a two-bedroom voucher but was denied. (*Id.*) On April 30, 1999, Plaintiff filed suit in this District against the Secretary of the Department of Housing and Urban Development ("HUD") to challenge the denial of his request for a two-bedroom voucher. (*Lihosit v. Cuomo*, No. 99cv898 (S.D. Cal. 1999).) On July 1, 1999, Defendant Housing Commission granted Plaintiff a two-bedroom voucher because of his medical needs. (Compl. ¶ 9.) Plaintiff subsequently withdrew his action against HUD pursuant to Federal Rule of Civil Procedure 41. (*Cuomo*, No. 99cv898, Doc. No. 8.)

On June 1, 2004, Plaintiff received notice from the Commission that new standards were in effect for determining eligibility for two-bedroom vouchers, and that Plaintiff's subsidy had been reduced to a one-bedroom voucher. (Compl. ¶ 10.) Plaintiff applied for a reasonable accommodation and requested that the Commission reinstate his two-bedroom voucher. (*Id.* ¶ 13.) The Commission denied Plaintiff's request, stating that the accommodation would cause financial hardship or administrative burden; the medical documentation provided was inadequate to substantiate need; and an administrative review had already been conducted regarding Plaintiff's case. (*Id.* ¶ 14.)

On May 26, 2005, Plaintiff again filed suit against HUD. (*Lihosit v. Jackson*, No. 05cv1111 (S.D. Cal. 2006).) The Complaint did not name the Commission or Ms. Morris as

Defendants. On August 11, 2006, Judge Lorenz dismissed Plaintiff's action because Plaintiff failed to allege any wrongdoing by HUD. (*Jackson*, No. 05cv1111 at 4.) In the interim, Plaintiff filed the instant action against Defendants Housing Commission and Ms. Morris.

In the instant action, Plaintiff alleges that he suffers from debilitating migraines and "requires a bedroom for himself during attacks." (*Id.* ¶ 21.) Plaintiff also alleges that his wife requires a separate bedroom due to her arthritis. (*Id.*) Plaintiff asserts that Defendants discriminated against him under the FHA, Rehabilitation Act, and ADA by refusing to reinstate his two-bedroom voucher as a reasonable accommodation for his medical needs. (*Id.* ¶¶ 20, 32, 34.) Plaintiff also asserts that the denial of his request for a reasonable accommodation violated 42 U.S.C. § 1983, and that the alterations in Defendant Housing Commission's policies for issuing two-bedroom vouchers violated the Constitution. (*Id.* ¶¶ 36, 38.)

On September 13, 2006, Defendants filed the instant motion for judgment on the pleadings. [Doc. No. 13.] Defendants allege the following: Plaintiff has not suffered any injury because his rent has not increased as a result of the reduction in his voucher; the Court lacks subject matter jurisdiction over Plaintiff's Complaint; Plaintiff has failed to state a claim upon which relief can be granted; and the Court should abstain from hearing this case under the *Pullman* doctrine. (Mot. to Dismiss at 1.) Plaintiff has filed an opposition to the motion. [Doc. No. 18.]

### *Legal Standard*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When Rule 12(c) is used to raise the defense of failure to state a claim, the motion for judgment on the pleadings faces the same test as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The complaint should not be dismissed unless it "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). The moving party must clearly establish on the face of the pleadings that no material issue of fact remains to be resolved and

that it is entitled to judgment as a matter of law.[1]  *See* Fed. R. Civ. P. 12(c);  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir.1984)).  In deciding a motion for judgment on the pleadings, all well-pled material allegations of the nonmoving party are to be accepted as true.  *Id*.

## *Discussion*

### I. Plaintiff's Request for Appointment of Counsel

The Court must first address Plaintiff's request for appointment of counsel.  *See Miles v. Dep't of Army*, 881 F.2d 777, 784 (9th Cir. 1989) (holding that a district court must rule on a request for appointed counsel before ruling on a motion to dismiss).  Plaintiff has filed a separate Motion for Request for Appointment of Counsel pursuant to 42 U.S.C. § 3613(b). [Doc. No. 21.] Plaintiff asserts that he has fulfilled the requirements of the statute because he is financially unable to pay for counsel; he made diligent efforts to secure counsel; and his allegations of discrimination are meritorious.  (Req. for Counsel at 2-3.)  In opposition, Defendants argue that the Court should not appoint counsel for Plaintiff because he has failed to show that his claim for housing discrimination is meritorious.  (Opp. to Req. for Counsel at 4-7.)

The Fair Housing Act provides that "[u]pon application by a person alleging a discriminatory housing practice or a person against whom such a practice is alleged, the court may . . . appoint an attorney for such person."  42 U.S.C. § 3613(b).  There is no Ninth Circuit case law interpreting appointment of counsel pursuant to 42 U.S.C. § 3613(b).  As a result, the Court looks to the case law addressing 42 U.S.C. § 2000e-5, which permits the appointment of counsel in Title VII employment discrimination cases, for guidance in applying the provisions of 42 U.S.C. § 3613(b).  *See* 42 U.S.C. § 2000e-5 ("Upon application by the complainant and in

---

[1] Defendants ask the Court to take judicial notice of Defendant Housing Commission's Section 8 Administrative Plan.  If matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss is generally treated as a motion for summary judgment. See Fed. R. Civ. P. 12(b); *Carter v. Stanton*, 405 U.S. 669, 671 (1972).  However, the court may take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). The Court declines to take notice of the proffered evidence because the Court need not consider the Administrative Plan in order to resolve the instant motion.

such circumstances as the court may deem just, the court may appoint an attorney for such complainant."). Under Title VII, three factors are relevant to a district court's determination of whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). In cases where the particular facts warrant, other factors may be taken into account by the district courts, "so long as they are treated in a manner consistent with the policy of the statutory provision." *Id.* at 1318 n.43 (9th Cir. 1981). For example, several circuits consider as a fourth factor the plaintiff's capacity to prepare and present the case without the aid of counsel. *See, e.g.*, *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992); *Hunter v. Dep't of Air Force Agency,* 846 F.2d 1314, 1317 (11th Cir. 1988); *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984); *Jenkins v. Chem. Bank*, 721 F.2d 876, 880 (2d Cir. 1983); *Hudak v. Curators of Univ. of Mo.*, 586 F.2d 105, 106 (8th Cir. 1978). The determination of whether to appoint counsel "is left to the sound discretion of the district court." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991)

Here, Plaintiff has satisfied the financial requisites for appointment of counsel because this Court has permitted him to proceed in forma pauperis, which requires a greater showing of indigency than is required for appointment of counsel. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). The Court also finds that Plaintiff, who alleges that he contacted more than seven agencies and attorneys to secure counsel, has made reasonably diligent efforts to obtain counsel. *See Bradshaw*, 661 F.2d at 1319 (holding that a plaintiff demonstrated reasonably diligent efforts to obtain counsel because she had contacted ten attorneys). However, Plaintiff fails to adequately demonstrate that he is likely to succeed on the merits. While it is possible that Plaintiff's claims have merit, the conclusory allegations of his Complaint do not support the appointment of counsel at this time. As discussed in detail below, Plaintiff has adequately pleaded claims under the FHA, Rehabilitation Act, and ADA, but there is little evidence at this point, other than his own assertions, to support his claims. Therefore, the Court cannot determine at this stage that it is likely that Plaintiff will succeed on the merits. *See Bailey v. Lawford*, 835

F. Supp. 550, 552 (S.D. Cal. 1993) (denying appointment of counsel because plaintiff offered no evidence other than his own assertions to support his claims). Further, Plaintiff has exhibited sufficient capacity to prepare and present the case without the aid of counsel, as evidenced by the two other suits he previously filed in this District, as well as his ability to adequately plead three causes of action in the instant case. (*See Cuomo*, No. 99cv0898; *Jackson*, 05cv1111.) Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel.

## **II.  Standing**

Defendants argue that Plaintiff has suffered no harm in this matter because his portion of the rent did not increase when his housing subsidy was reduced from a two-bedroom voucher to a one-bedroom voucher. (Mot. to Dismiss at 15.) Plaintiff's monthly rent at his current two-bedroom home is $950.00. (*Id.*) The one-bedroom voucher provides a maximum monthly subsidy of $962.00. (*Id.*) Defendant thus argues that Plaintiff has suffered no financial hardship because the one-bedroom subsidy covers Plaintiff's entire rent, and he would not receive any additional subsidy under a two-bedroom voucher. (*Id.* at 16) In response, Plaintiff argues that Defendant's denial of his request for a reasonable accommodation in and of itself constitutes an injury sufficient to create standing. (Opp'n to Mot. at 22.).

Article III of the Constitution requires that litigants have standing to invoke the federal court's power. *Allen v. Wright*, 468 U.S. 737, 750 (1984). FHA claims "are to be judged under a very liberal standing requirement." *See Harris v. Itzhaki*, 183 F.3d 1043, 1049-50 (9th Cir. 1999) (citing *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 115 (1979)). The sole requirement for standing under the FHA is the "Article III minima of injury in fact." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). To meet this requirement, a plaintiff need only allege "that as a result of the defendant's [discriminatory conduct] he has suffered a distinct and palpable injury." *Id.* Further, "[i]t has long been clear that economic injury is not the only kind of injury that can support a plaintiff's standing." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 262-63 (1977) (citations omitted). For example, "[the] actual or threatened injury required by Article III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *See Havens*, 455 U.S. at 373 (citations omitted).

In *Havens*, the Supreme Court found that the FHA establishes an enforceable right to truthful information concerning the availability of housing. *Id.* at 373. The Court held that a tester who alleged that she received false information regarding the availability of housing had suffered injury "in precisely the form the statute was intended to guard against" and therefore had standing. *Id.* at 374. The fact that the tester may not have had any intention of renting a home did not negate "the simple fact of injury" within the meaning of the FHA. *Id.* Taking the tester's allegations as true, the Court found that she had suffered "specific injury" from the challenged acts of apartment complex's owners, and the Article III requirement of injury in fact was satisfied. *Id.*

Similar to the tester in *Havens*, Plaintiff does not allege that he suffered a financial injury due to Defendants' alleged discrimination. The Court therefore must examine whether Plaintiff has suffered an injury that exists "solely by virtue of statutes creating legal rights, the invasion of which creates standing." *See id.* at 373. Plaintiff alleges that Defendants violated the FHA by refusing to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [Plaintiff] an equal opportunity to use and enjoy a dwelling." (Compl. ¶ 20.) The FHA provides that it is a discriminatory practice to "refus[e] to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604. Further, the FHA affords a private right of action for an "aggrieved person" subjected to "an alleged discriminatory housing practice." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 250 (9th Cir. 1997) (citing 42 U.S.C. § 3613). Plaintiff thus has an enforceable right to reasonable accommodations that are necessary to afford him an equal opportunity to use a dwelling, much like the tester in *Havens* had an enforceable right to truthful information about the availability of housing. By alleging that he was denied reasonable accommodations, Plaintiff has stated an injury of the type that the FHA was intended to remedy. Given that Plaintiff's Complaint must be analyzed under a "very liberal" standing requirement, the Court **FINDS** that Plaintiff has sufficiently alleged an injury in fact for purposes of standing. *See Harris*, 183 F.3d at 1049-50.

### III. Exhaustion Requirement

Defendants argue that "the federal court lacks original subject matter jurisdiction to hear this case" because "Plaintiff has failed to exhaust his judicial remedy in superior court." (Mot. to Dismiss at 6-7.) According to Defendants, Plaintiff should have filed a Writ of Mandate in California Superior Court if he wanted to contest the Housing Commission's denial of his request for a two-bedroom voucher. (*Id.*) Defendants cite no federal statute or case law for the proposition that the Court lacks subject matter jurisdiction over this case due to Plaintiff's failure to exhaust his state court remedies. In opposition, Plaintiff argues that there is no statutory requirement that he exhaust his state court remedies before bringing the instant action. (Opp. to Mot. at 7.)

The Court examines the Plaintiff's Complaint to determine whether any claim raised therein requires Plaintiff to exhaust his state court remedies. Plaintiff's FHA claim is not barred because the Act does not require a claimant to exhaust available administrative remedies. *See Gladstone Realtors*, 441 U.S. at 106. Similarly, the Court finds that Plaintiff's claim under Section 504 of the Rehabilitation Act is not barred because "private plaintiffs suing under Section 504 need not first exhaust administrative remedies." *Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990). Plaintiff's claim under Title II of the ADA likewise is not barred because Title II adopts the remedies, rights, and procedures set forth in the Rehabilitation Act. *See* 42 U.S.C. § 12133; *see also* 28 C.F.R. § 35.172 (stating that a complainant may "at any time" file a private lawsuit under Title II of the ADA without first exhausting administrative remedies). Finally, Plaintiff's § 1983 claim is not barred because "§ 1983 contains no judicially imposed exhaustion requirement." *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997). Thus, the Court **FINDS** that Plaintiff is not required to exhaust his state court remedies before bringing the instant action in federal court.

### IV. Res Judicata

Defendants argue that Plaintiff's instant action is barred under the doctrine of res judicata because Plaintiff previously instituted an action against HUD regarding the same issue as the case at bar. (Mot. to Dismiss at 7.) Defendants assert that res judicata applies because

Plaintiff's previous action against HUD was dismissed by Judge Lorenz for failure to allege wrongdoing. (*Id.*)  In opposition, Plaintiff argues that res judicata is not applicable because his first action was against HUD, not Defendants Housing Commission and Ms. Morris.  (Opp. to Mot. at 12.)

Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. . . . The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001).  If the parties are not identical, privity may exist if there is a "sufficient commonality of interest" between the parties.  *See Tahoe-Sierra Pres. Council, Inc.v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (citing *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)).  Privity has been found where there is a "substantial identity" between the party and nonparty, where the nonparty "had a significant interest and participated in the prior action," and where the interests of the nonparty and party are "so closely aligned as to be virtually representative." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (citations omitted).

Here, Plaintiff correctly notes that Defendants were not parties to Plaintiff's first action against HUD.  For res judicata to apply, there must be privity between HUD and Defendants. *See Owens*, 244 F.3d at 713.  As stated in Judge Lorenz's order, Plaintiff's action against HUD was dismissed because Plaintiff had failed to allege any wrongdoing by the agency. (*Lihosit v. Jackson*, No. 05cv1111 (S.D. Cal. 2006) at 4.)  In contrast, in the instant action Plaintiff alleges that Defendants committed wrongdoing by discriminating against him on the basis of disability. (Compl. ¶ 4.)  As Judge Lorenz noted, Defendant Housing Commission is not an agent of HUD, and HUD therefore cannot be held responsible for the Commission's wrongdoing.  (*Jackson*, No. 05cv1111 at 4.)  In HUD's motion to dismiss Plaintiff's action against it, the agency itself noted that Plaintiff's complaint lies against the Commission, not HUD. (*Jackson*, No. 05cv111, Doc. No. 16.)  Given the lack of a principal-agent relationship between HUD and the Commission, the interests of these two parties are not "so closely aligned as to be virtually representative." *See Schimmels*, 127 F.3d at 881.  Because there is no privity between the parties to Plaintiff's

previous action and the parties to the instant action, the Court **FINDS** that res judicata does not apply.

### V. Failure to State a Claim Upon Which Relief Can Be Granted

####    A. Plaintiff's Fair Housing Act Claim

Defendants allege that Plaintiff cannot state a claim under the FHA because Plaintiff has failed to plead that he is disabled within the meaning of the FHA. (Mot. to Dismiss at 9.) In opposition, Plaintiff asserts that the Complaint and its exhibits, including several letters from doctors, properly allege that he is disabled for purposes of the FHA. (Opp'n to Mot. at 15.)

The FHA prohibits discrimination against a disabled person in the sale or rental of housing or in the provision of services or facilities in connection with housing. 42 U.S.C. § 3604(f). Discrimination includes "refus[ing] to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3). The FHA thereby imposes an affirmative duty to reasonably accommodate persons with disabilities. *City of Edmonds v. Wash. State Bldg. Code Council*, 18 F.3d 802, 806 (9th Cir. 1994). To prevail on a claim under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: (1) that the plaintiff is disabled within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the disability; (3) that accommodation of the disability may be necessary to afford the disabled person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation. *See Dubois v. Ass'n of Apt. Owners*, 453 F.3d 1175, 1179 (9th Cir. 2006). In reviewing the sufficiency of a complaint, the FHA "must be given a generous construction in order to carry out a policy that Congress considered to be of the highest priority." *United States v. Cal. Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1416 (9th Cir.1997).

The Court first examines whether Plaintiff has sufficiently pleaded that he is disabled within the meaning of 42 U.S.C. § 3602(h). Under the FHA, " '[h]andicap' means, with respect to a person–(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as

having such an impairment." 42 U.S.C. § 3602(h). As Defendants point out, Plaintiff does not explicitly allege in his Complaint that his migraines substantially limit a major life activity. However, Plaintiff's omission is not fatal because the pleadings allege that Plaintiff was regarded by Defendants as having a disability. Plaintiff asserts that Defendants originally granted him a two-bedroom voucher after making a determination that he was eligible for such a voucher due to his medical needs. (*See* Compl. ¶ 9.) A letter attached to Plaintiff's Complaint confirms that Defendants granted Plaintiff a two-bedroom voucher in 1999 because of his medical needs. (*See* Compl. Ex. 2.) Although Defendants subsequently revoked Plaintiff's two-bedroom voucher and denied his request to reinstate the voucher, the pleadings contain no indication that Defendants did so because they no longer regarded Plaintiff as being disabled. Rather, a letter attached to the Complaint states that Defendants denied Plaintiff's request because there was inadequate documentation of the medical needs of Plaintiff's wife. (*See* Compl. Ex. 9.) The letter makes no mention of Plaintiff's medical needs. Because Plaintiff's Complaint alleges that Defendants regarded him as being disabled, Plaintiff has adequately pleaded that he is disabled within the meaning of the FHA.

The Court next turns to the remaining elements required to establish a FHA claim. First, Plaintiff has adequately alleged that Defendants knew of his disability. As noted above, Defendants previously granted Plaintiff an accommodation based on his medical needs. (*See* Compl. ¶ 9.) Plaintiff also attached to the Complaint several doctor's letters that had been submitted to Defendant Housing Commission stating that Plaintiff suffers from debilitating migraines. (Compl. Exs. 7, 14, 15, 16.) Second, Plaintiff alleges that the accommodation he sought was "necessary to afford [Plaintiff] equal opportunity to use and enjoy a dwelling." (*See* Compl. ¶ 20.) Finally, Plaintiff has alleged that the accommodation was "reasonable." (*See id.*) The Court acknowledges that Plaintiff's assertion of these elements is somewhat conclusory. However, the federal rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Gilligan*, 108 F.3d at 248. Because Plaintiff has adequately pleaded each element of a FHA claim, the Court **DENIES** Defendants' Motion to Dismiss as to this claim.

**B. Plaintiff's Americans with Disabilities Act and Rehabilitation Act Claims**

Defendants argue that Plaintiff has failed to state a claim under Title II of the ADA and Section 504 of the Rehabilitation Act because he has failed to plead that he is otherwise qualified to receive a two-bedroom voucher. (Mot. to Dismiss at 10, 12.) Defendants also assert that Plaintiff has failed to plead that he was denied a two-bedroom voucher by reason of his disability. (*Id.* at 10.) In opposition, Plaintiff argues that he is qualified to receive a two-bedroom voucher as a reasonable accommodation for his disability. (Opp'n to Mot. at 17.)

To prove that a public program violated Title II of the ADA, a plaintiff must show (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Title II of the ADA was expressly modeled after Section 504 of the Rehabilitation Act. *Id.* A plaintiff bringing suit under Section 504 of the Rehabilitation Act must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. *Id.* Because the elements of Plaintiff's ADA and Rehabilitation Act claims do not differ in any respect relevant to the resolution of this motion to dismiss, the Court addresses these claims together. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

As noted above, the Complaint alleges that Defendants regarded Plaintiff as having a disability. (*See* Compl. ¶ 9.) Plaintiff thus has sufficiently pleaded that he is disabled for purposes of the ADA and the Rehabilitation Act. *See* 42 U.S.C. 12102(2) (defining disability in part as "being regarded as having" a disability); 29 U.S.C. § 705(20) (same). Further, the parties do not dispute that Defendant Housing Commission receives federal financial assistance. The Court therefore must analyze whether Plaintiff has adequately pleaded (1) that he was otherwise

qualified to receive the benefit at issue, and (2) that he was denied the benefit by reason of his disability.

Plaintiff has sufficiently pleaded that he was otherwise qualified to receive a two-bedroom voucher. In his Complaint, Plaintiff alleges that Defendant Housing Commission's Administrative Plan provides that a tenant with verifiable medical needs may be granted a larger voucher than the one to which the tenant would ordinarily be entitled. (Compl. ¶ 30.) Plaintiff asserts that under the Administrative Plan, he qualifies for a two-bedroom voucher based on his disability. (*Id.* ¶ 4.) Plaintiff further alleges that his medical record and letters from his physicians establish his need for a two-bedroom voucher. (*Id.* ¶ 21.) Plaintiff also notes that Defendants previously found that he was eligible for a two-bedroom voucher based on his medical needs. (*Id.* ¶ 22.) Defendants argue that Plaintiff is not entitled to a two-bedroom voucher because his evidence in support of his request for a reasonable accommodation is incomplete. (Mot. to Dismiss at 12.) For purposes of the instant motion, all allegations of fact by Plaintiff regarding his medical need for a two-bedroom voucher must be accepted as true. *See Hal Roach Studios*, 896 F.2d at 1550. On the facts so admitted, Defendants are not clearly entitled to prevail on the element of Plaintiff's eligibility for a two-bedroom voucher because the sufficiency of the evidence regarding Plaintiff's disability remains at issue. The Court thus finds that there is a material dispute of facts as to whether Plaintiff is otherwise qualified for a two-bedroom voucher.

The Court next examines whether Plaintiff has sufficiently pleaded that he was denied a benefit by reason of his disability. In his Rehabilitation Act claim, Plaintiff alleges that "Defendants, in violation of the Rehabilitation Act of 1973, have discriminated against Plaintiff *on the basis of handicap*." (Compl. ¶ 32 (emphasis added).) In his ADA claim, Plaintiff alleges that Defendants, "by refusing to allow Plaintiff a reasonable accommodation and grant him a two-bedroom voucher for his documented medical needs, have discriminated against Plaintiff *on the basis of handicap*." (*Id.* ¶ 34 (emphasis added).) The plain language of Plaintiff's Complaint, conclusory as it may be, states that Defendants discriminated against Plaintiff because of his disability. In opposition, Defendants argue that Plaintiff cannot plead that he was

denied a two-bedroom voucher by reason of his disability. (Mot. to Dismiss at 9.) Rather, Defendants assert that Plaintiff was denied a two-bedroom voucher because of his household size and a reduction in federal funding. (*Id.* at 10.) The Court again notes that all allegations of fact by Plaintiff must be accepted as true for purposes of the instant motion. *See Hal Roach Studios*, 896 F.2d at 1550. Taking Plaintiff's Complaint as true, there is a material dispute of facts as to whether denial of Plaintiff's requested accommodation constituted discrimination on the basis of his disability, as Plaintiff alleges, or whether denial of the accommodation was based solely on Plaintiff's household size and the reduction in federal funding, as Defendants allege. As a result, the Court **DENIES** Defendants' motion to dismiss as to Plaintiff's Rehabilitation Act and ADA claims.

### D. Plaintiff's 42 U.S.C. § 1983 Claim

Defendants argue that Plaintiff fails to state a claim under 42 U.S.C. § 1983 because he does not allege that the denial of his request for a two-bedroom voucher resulted from a policy, custom or practice of Defendant Housing Commission. (*See* Mot. to Dismiss at 13.) In opposition, Plaintiff argues that he has pleaded that he "has not suffered merely from the actions of one rogue employee, but rather, that there was a systemic pattern of behavior . . . that was responsible for the deprivation of the reasonable accommodation that he had been granted in 1999." (Opp'n to Mot. at 19-20.)

A municipality may be sued under § 1983 where the unconstitutional action complained of implements or executes a policy or custom of that government body. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A municipality cannot be held liable under § 1983 on a respondeat superior theory. *Id.* at 692. "The touchstone of a § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution." *Id.* at 690. Thus, liability arises only where there is some action pursuant to official municipal policy or custom which caused the constitutional tort. *Id.* at 691.

Here, Plaintiff has not alleged that Defendants were acting pursuant to a policy or custom when they denied his request for a reasonable accommodation. In fact, Plaintiff alleges throughout his Complaint that Defendant Housing Commission's employees did not conform to

the Commission's policies in refusing to grant him a two-bedroom voucher.  (*See* Compl. ¶¶ 4, 20, 23.)  Although Plaintiff asserts that Defendant Housing Commission's employees engaged in a "systemic pattern of behavior" in denying him a reasonable accommodation, this allegation alone is insufficient to state a claim against a government body under § 1983.  Rather, Plaintiff must allege that, in engaging in this behavior, the employees were implementing or executing a policy or custom of Defendant Housing Commission.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's § 1983 claim.

### E. Plaintiff's General Constitutional Claim

Defendants argue that Plaintiff has failed to state a claim under the Constitution because Plaintiff "fails to identify the constitutional issue at stake." (Mot. to Dismiss at 13.)  Plaintiff does not address Defendants' argument that his Complaint fails to specify the constitutional provision upon which his cause of action is based.

In his Complaint, Plaintiff alleges that "there is an important constitutional issue at stake" because Defendants "changed the rules for issuing vouchers." (Compl. ¶38.)  Plaintiff further alleges that Defendants "redefined the word 'bedroom' and in doing so [Defendants] rewrote federal law." (*Id.*)  These allegations are insufficient to state a claim because the Court cannot discern the constitutional provision or legal theory upon which Plaintiff's claim relies.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's constitutional claim.

## VI. Defendants' Assertion that Elizabeth Morris is an Improperly Named Defendant

Defendants argue that Defendant Elizabeth Morris is an improper party to this action because Plaintiff has failed to plead that Ms. Morris had any personal involvement in or knowledge of the reduction in Plaintiff's housing voucher.  (Mot. to Dismiss at 15.)  In opposition, Plaintiff asserts that Ms. Morris "had direct supervisory control over the Commission and its policies, was aware of the plan to implement the 'new standards,' and was responsible for submitting the new policy for approval." (Opp'n to Mot. at 22-23.)  None of these assertions was made in Plaintiff's Complaint.

Under Federal Rule of Civil Procedure 8, a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under this federal "notice pleading" standard, a plaintiff is required to include in a complaint "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

The Complaint specifically alleges that Defendant Housing Commission committed acts that violated the FHA and the Rehabilitation Act, thereby putting the Commission on notice of the claims against it. (*See* Compl. ¶¶ 20, 32.) However, Plaintiff's Complaint fails to put Defendant Ms. Morris on notice of the claim or claims asserted against her. The Complaint does not indicate which causes of action Plaintiff intends to bring against Ms. Morris. Further, Plaintiff does not allege any wrongdoing by Ms. Morris, nor does the Complaint's Statement of Facts explain her involvement in Plaintiff's subsidy reduction. In fact, Ms. Morris' name does not appear anywhere in the Complaint, other than the caption and the recitation of parties. This matter is further complicated by the fact that Plaintiff intermittently uses "Defendant," rather than "Defendants," throughout the Complaint, making it difficult to discern whether Plaintiff's use of the word "Defendant" refers to the Housing Commission or Ms. Morris. (*See, e.g., id.* ¶¶ 20, 36.) It is also unclear as to whether Plaintiff uses the word "Defendant" because he intends to assert particular causes of action against only Defendant Housing Commission, and not against Ms. Morris. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Ms. Morris as an individually named defendant.

**VII. Defendants' Assertion that *Pullman* Abstention Should Apply**

Defendants argue that the Court should abstain from hearing this case under the *Pullman* doctrine. (Mot. to Dismiss at 16.) Defendants assert that *Pullman* abstention applies because affordable housing is a sensitive area of social policy, and the constitutional questions raised by Plaintiff can be mooted by a determination by the state court regarding Plaintiff's entitlement to a two-bedroom voucher. (*Id.* at 16-17.) In opposition, Plaintiff argues that *Pullman* abstention should not apply because Defendants have identified no unclear issues of state law, and Plaintiff's Complaint invokes only federal law. (Opp'n to Mot. to Dismiss at 25.)

Under the *Pullman* doctrine, federal courts should abstain in cases presenting a federal constitutional issue "if constitutional adjudication could be avoided or if the constitutional question could be narrowed by a ruling on an uncertain question of state law." *Pearl Inv. Co. v. City and County of San Francisco*, 774 F.2d 1460, 1462 (9th Cir. 1985). *Pullman* abstention is appropriate when: "(1) the federal plaintiff's complaint requires resolution of a sensitive question of federal constitutional law; (2) the constitutional question could be mooted or narrowed by a definitive ruling on the state law issues; and (3) the possibly determinative issue of state law is unclear." *Spoklie v. Montana*, 411 F.3d 1051, 1055 (9th Cir. 2005) (citing *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1104 (9th Cir. 1998)).

Here, *Pullman* abstention is inappropriate because Plaintiff's Complaint does not require resolution of a sensitive question of federal constitutional law. As stated above, Plaintiff's Complaint fails to state a claim under the Constitution. The Court need not examine whether a state law ruling could moot or narrow Plaintiff's constitutional claims, because Plaintiff thus far has failed to allege a cognizable claim under the Constitution. In addition, Defendants have failed to identify a possibly determinative issue of state law. Defendants argue that a state court ruling on Plaintiff's entitlement to a two-bedroom voucher would moot any constitutional questions. However, Defendants do not allege that Plaintiff's entitlement to a two-bedroom voucher is a state law issue, nor do they cite any state statute that may be in play. Further, an independent examination of Plaintiff's Complaint reveals no indication that his eligibility for such a voucher would implicate state law. Plaintiff's reasonable accommodation claims rely solely on federal statutes. Because Defendants fail to show that an issue of state law is central to the resolution of this case, the Court **FINDS** that *Pullman* abstention is inappropriate.

## VIII. Leave to Amend

"Leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Moreover "[t]he standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988). It "should be granted 'if it appears at all possible that the plaintiff can correct the defect.' " *Id.* (quoting *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789-90 (9th Cir. 1963)); *see also Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.

2000) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

In this case, Plaintiff's 42 U.S.C. § 1983 claim is dismissed because the Complaint does not allege facts sufficient to support municipal liability. Plaintiff's general constitutional claim is dismissed because Plaintiff fails to specify the constitutional provision upon which his cause of action relies. Plaintiff's claims against Ms. Morris are dismissed because Plaintiff fails to identify which causes of action he intends to bring against Ms. Morris, and he also fails to allege her involvement, if any, in the denial of his request for a two-bedroom voucher. Plaintiff has requested leave to amend his Complaint. (Opp'n to Mot. at 25.) Because there is at least some possibility that Plaintiff can correct the defects in his Complaint, leave to amend is **GRANTED**.

*Conclusion*

For the reasons set forth above, Plaintiff's request for appointment of counsel is **DENIED**. The Court **GRANTS** Defendants' motion to dismiss Elizabeth Morris as an individually named defendant. Defendants' Motion to Dismiss is **DENIED** with respect to Plaintiff's Fair Housing Act, Rehabilitation Act, and Americans with Disabilities Act claims. Plaintiff's 42 U.S.C. § 1983, constitutional claims, and his claims against Ms. Morris are **DISMISSED** without prejudice and with leave to amend for failing to state a claim upon which relief may be granted. Plaintiff is granted thirty (30) days from the date stamped "Filed" on this order to file a First Amended Complaint which addresses each pleading deficiency noted above. The Amended Complaint must be complete in itself without reference to the original Complaint. *See* Local Rule 15.1. All claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: December 29, 2006

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Major
    All Parties